STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY

10CV006756

WHON PHRAKOUSONH,
By His Guardian ad Litem,
CHRISTOPHER J. STAWSKI
111 East Wisconsin Avenue
Suite 1750
Milwaukee, WI 53202;
and
DOLORES ESTRADA
3119A South Hanson Avenue
Milwaukee, WI 53207,

Plaintiffs,

vs.

CITY OF MILWAUKEE, a Municipal Corporation
200 East Wells Street
Milwaukee, WI 53202;

TIMOTHY BANDT
749 West State Street
Milwaukee, WI 53233;

WARDELL DODDS
749 West State Street
Milwaukee, WI 53233;

ANDREW BELL
749 West State Street
Milwaukee, WI 53233;

TODD BOHLEN
749 West State Street
Milwaukee, WI 53233;

BRETT MISCICHOSKI
749 West State Street
Milwaukee, WI 53233;
and
CHRIS BROWN
749 West State Street
Milwaukee, WI 53233,

SUMMONS

Case No.

HON. TIMOTHY M. WITKOWIAK, BR. 22
CIVIL A

Type: Other -- Personal Injury
Code No. 30107

Money Judgment Requested
- Over $5,000

CITY OF MILWAUKEE
10 JUN 23 PM 3:00
RONALD D. LEONHARDT
CITY CLERK

FILED AND
AUTHENTICATED
MAY 0 3 2010
JOHN BARRETT
Clerk of Circuit Court

1

Defendants,

and

UMR
5151 Pfeiffer Road, ML 400
Cincinnati, OH 45242-4805,

Subrogated Defendant.

## SUMMONS

**THE STATE OF WISCONSIN:** TO EACH PERSON NAMED AS DEFENDANT:

**YOU ARE HEREBY NOTIFIED** that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court whose address is **Milwaukee County Courthouse, 901 North Ninth Street, Milwaukee, WI 53233**, and to **CHRISTOPHER J. STAWSKI**, plaintiffs' attorney, whose address is **McGranaghan & Stawski Ltd., 111 East Wisconsin Avenue, Suite 1750, Milwaukee, WI 53202**. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A

2

judgment awarding money may become a lien against any real estate you now own or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2010.

McGRANAGHAN & STAWSKI LTD.
By:

*[signature]*

Christopher J. Stawski,
Attorney for Plaintiffs
State Bar No. 1016435

P.O. Address:

**McGRANAGHAN & STAWSKI LTD.**
111 East Wisconsin Avenue
Suite 1750
Milwaukee, WI 53202
(414) 291-8823

3

10CV006756

WHON PHRAKOUSONH,
By His Guardian ad Litem,
CHRISTOPHER J. STAWSKI
111 East Wisconsin Avenue
Suite 1750
Milwaukee, WI 53202;
and
DOLORES ESTRADA
3119A South Hanson Avenue
Milwaukee, WI 53207,

COMPLAINT

Case No.

Plaintiffs,

vs.

CITY OF MILWAUKEE, a Municipal Corporation
200 East Wells Street
Milwaukee, WI 53202;

Type: Other – Personal Injury
Code No. 30107

TIMOTHY BANDT
749 West State Street
Milwaukee, WI 53233;

WARDELL DODDS
749 West State Street
Milwaukee, WI 53233;

Money Judgment Requested
- Over $5,000

ANDREW BELL
749 West State Street
Milwaukee, WI 53233;

TODD BOHLEN
749 West State Street
Milwaukee, WI 53233;

BRETT MISCICHOSKI
749 West State Street
Milwaukee, WI 53233;
and
CHRIS BROWN
749 West State Street
Milwaukee, WI 53233,



Defendants,
and

UMR
5151 Pfeiffer Road, ML 400
Cincinnati, OH 45242-4805,

    Subrogated Defendant.

## COMPLAINT

Plaintiffs, by their attorneys, McGranaghan & Stawski Ltd., allege and show to the court as follows:

### PARTIES

1. That the plaintiff, Whon Phrakousonh (hereinafter "Phrakousonh"), at all times material hereto, was and is a minor, born on July 10, 1997 and, at the time of this incident, was residing in the City and County of Milwaukee with his mother, Dolores Estrada.

2. That the plaintiff, Dolores Estrada (hereinafter "Estrada"), is an adult resident of the State of Wisconsin, resides at the address indicated in the caption of this complaint, is the mother of the plaintiff, Phrakousonh, and is legally responsible for payment of Phrakousonh's medical expenses.

3. On or about the 15th day of June, 2010, by an order of this court, Attorney Christopher J. Stawski was duly appointed the guardian ad litem for the minor plaintiff herein.

4. That the defendant, City of Milwaukee, was at all times material hereto, a municipal corporation organized and existing under the laws of the State of Wisconsin, whose principal offices are located at 200 East Wells Street, in the City and County of Milwaukee, State of Wisconsin.

5. That the defendant, Timothy Bandt (hereinafter "Bandt"), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the defendant, City

2

of Milwaukee, as a police officer for the City of Milwaukee Police Department on July 17, 2009. That at all times material hereto, said defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

6. That the defendant, Wardell Dodds (hereinafter "Dodds"), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on July 17, 2009. That at all times material hereto, said defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

7. That the defendant, Andrew Bell (hereinafter "Bell"), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on July 17, 2009. That at all times material hereto, said defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

8. That the defendant, Todd Bohlen (hereinafter "Bohlen'), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on July 17, 2009. That at all times material hereto, said defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

9. That the defendant, Brett Miscichoski (hereinafter "Miscichoski"), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on July 17, 2009. That at all times material hereto, said defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

10. That the defendant, Chris Brown (hereinafter "Brown"), at all times material hereto, was an adult resident of the City of Milwaukee and employed by the defendant, City of Milwaukee, as a police officer for the City of Milwaukee Police Department on July 17, 2009. That at all times material hereto, said defendant was acting within the scope of his employment as a police officer for the City of Milwaukee Police Department.

11. That the subrogated defendant, UMR, is an entity duly licensed to do business in the State of Wisconsin, with its principal place of business at the address indicated in the caption of this complaint. That the defendant, UMR, is primarily engaged in the business of insurance and is named a subrogated defendant herein because it may have paid medical bills incurred by the plaintiff as a result of the injuries that he sustained in this incident and is put to its strict proof thereon.

## FACTS

12. That on July 17, 2009, at approximately 1:00 p.m., the plaintiff, Phrakousonh, was a passenger in a vehicle driven by his father, Phon Phrakousonh. That said vehicle was followed by Bandt at the direction of Brown for several minutes before it was stopped as described herein.

13. That Phon Phrakousonh's vehicle was traveling southbound near the intersection of I-794 and East Oklahoma Avenue in the City and County of Milwaukee, when it was stopped and approached by defendants, Bandt, Bell, Dodds and Miscichoski. That defendants Bohlen and Brown arrived at the scene shortly thereafter and, upon information and belief, were present when the incidents described in this complaint took place. That, prior to Phon Phrakousonh's vehicle being stopped, none of the occupants of the vehicle had violated any municipal ordinance or other law or had engaged in any behavior that provided the defendants with probable cause to stop Phon Phrakousonh's vehicle.

4

14. That defendants Bandt and Dodds removed Phrakousonh from his father's vehicle. After doing so, Bandt intentionally and repeatedly stomped on Phrakousonh's back and kicked him in the area of his face and head, thereby causing visible injuries to Phrakousonh's back and face. That Phrakousonh did not do anything that provided Brandt with any lawful authority to physically abuse Phrakousonh, as alleged in this paragraph.

15. That, in addition to the physical abuse described above, Phrakousonh was threatened with death, unlawfully detained, illegally, improperly searched and subjected to racial slurs and other offensive and demeaning language by Bandt and/or one or more of the other individual defendants, thereby causing both physical and emotional injuries to him. That none of the individual defendants made any attempt to obtain medical care for the physical injuries that one or more of them caused Phrakousonh to sustain.

16. That none of the individual defendants made any attempt to stop the unlawful and illegal conduct Phrakousonh was subjected to and tacitly encouraged such conduct by their inaction. That one or more of the individual defendants were laughing about the fact that Phrakousonh was being subjected to the physical and psychological abuse alleged herein. That none of the individual defendants made any attempt to contact Estrada, Phrakousonh's custodial parent of the fact that Phrakousonh had been detained and injured.

17. That no criminal charges or other citations were issued to Phrakousonh, his father or the third person in Phon Phrakousonh's vehicle as a result of the vehicle stop alleged above. All three of the persons in Phon Phrakousonh's vehicle at the time that it was stopped were permitted to leave the scene of the incident.

### FIRST CLAIM FOR RELIEF: VIOLATION OF 42 U.S.C. § 1983

18. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

5

19. That at all relevant times herein, the Defendant, City of Milwaukee, was a "person" for the purposes of 42 U.S.C. § 1983. That at all relevant times herein, the defendants, City of Milwaukee Police Department police officers Bandt, Dodds, Bell, Bohlen, Miscichoski and Brown were "persons" for purposes of 42 U.S.C. § 1983, and acted under color of law to deprive Phrakousonh of his constitutional and civil rights.

20. That, upon information and belief, one or more of the individual defendants used unnecessary and excessive force on the plaintiff, Phrakousonh, when they unlawfully restrained, searched and assaulted him and, without reasonable suspicion, unlawfully detained him.

21. That during the above-mentioned unlawful detainment, upon information and belief, one or more of the individual defendants physically restrained, searched, and verbally and physically assaulted the plaintiff, Phrakousonh.

22. That the conduct of one or more of the individual defendants, individually and in the aggregate, constituted the use of excessive force, without cause or justification, in violation of Phrakousonh's constitutional rights.

23. That at all relevant times hereto, the individual defendants were police officers employed by the defendant, City of Milwaukee, for the City of Milwaukee Police Department, and acted under color of the laws, statutes, regulations, customs, ordinances, policies and usage of the State of Wisconsin, the defendant, City of Milwaukee, and the City of Milwaukee Police Department, and were acting within the scope of their employment.

24. That the above-mentioned conduct of one or more of the individual defendants constituted a violation and deprivation of the fundamental due process and equal protection rights of Phrakousonh.

6

25. That the above-mentioned conduct of one or more of the individual defendants was a direct and proximate cause of the injuries and damages to Phrakousonh, as set forth in this complaint and as will be proven at time of trial.

26. That the above-mentioned conduct of one or more of the individual defendants was also unlawful, extreme, malicious, outrageous and/or intentional.

27. That the above-mentioned conduct was intended to cause Phrakousonh personal injuries, damages and emotional distress, and such conduct was a cause of the personal injuries, damages and emotional distress sustained by Phrakousonh.

28. That at all relevant times herein, one or more of the individual defendants also acted with an evil motive or intent, acted maliciously, and/or with reckless disregard, and/or with deliberate indifference, and/or with a reckless or callous indifference towards Phrakousonh, or in an intentional disregard of his constitutional rights, such as to subject the defendants to punitive damages.

29. That the defendant, City of Milwaukee, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual police officer employee defendants in this action because said defendants were acting within the scope of their employment when they committed the above-mentioned acts.

## SECOND CLAIM FOR RELIEF: ASSAULT AND BATTERY

30. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs.

31. That plaintiffs timely filed and served a Notice of Injury and a Notice of Claim, pursuant to Wis. Stat. § 893.80, on the defendant, City of Milwaukee. That the Notice of Claim was deemed denied by operation of law after allowing 120 days to elapse without receiving a formal and express disallowance of the Claim. That the referred to Notice of

7

Claim, dated and served on November 4, 2009, is attached hereto as Exhibit A and is incorporated by reference herein.

32. That, upon information and belief, one or more of the individual defendants intended to inflict offensive bodily contact and do physical and emotional harm to the plaintiff, Phrakousonh, and to put him in fear of imminent physical harm.

33. That one or more of the individual defendants attempted to do harm to Phrakousonh and had the apparent present ability to inflict offensive bodily contact, to do harm to him, and to put him in fear of imminent physical harm.

34. That Phrakousonh was in fear of imminent physical harm as a result of the above-mentioned conduct of one or more of the individual defendants.

35. That one or more of the individual defendants used offensive bodily contact to harm Phrakousonh in an angry, revengeful, rude, or insolent manner, and said defendant or defendants had an awareness that such conduct was practically certain to cause harm to Phrakousonh.

36. That Phrakousonh did not consent to the offensive bodily contact and harm done to him.

37. That the above-described conduct of one or more of the individual defendants was a direct and proximate cause of the injuries and damages to Phrakousonh as set forth in this complaint and will be proven at time of trial.

38. That the above-described conduct of one or more of the individual defendants was also unlawful, extreme, malicious, outrageous and/or intentional.

39. That the above-described actions and conduct were done with a purpose to disregard the rights of Phrakousonh and the above-named defendants were aware that their acts were substantially certain to result in and cause the personal injuries, damages, emotional distress and the disregard of the rights of Phrakousonh.

40. That at all relevant times hereto, one or more of the individual defendants also acted maliciously, and/or with reckless disregard, and/or with deliberate indifference towards Phrakousonh or in an intentional disregard of his rights, such as to subject one or more of the defendants to punitive damages.

41. That the defendant, City of Milwaukee, is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the individual police officer employee defendants in this action because said defendants were acting within the scope of their employment when they committed the above-mentioned acts.

## THIRD CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs.

43. That, upon information and belief, one or more of the individual defendants, by engaging in the conduct which is the subject of this lawsuit, intentionally caused Phrakousonh to experience severe emotional distress.

44. That, by engaging in the conduct which is the subject of this lawsuit, one or more of the individual defendants directly and proximately caused Phrakousonh to experience severe emotional distress, as set forth in this complaint and will be proven at the time of trial.

45. That the defendant, City of Milwaukee, is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the individual police officer employee defendants in this action because said defendants were acting within the scope of their employment when they committed the above-mentioned acts.

## FOURTH CLAIM FOR RELIEF:
## CIVIL CONSPIRACY

46. That, upon information and belief, the individual defendants acted together to accomplish the unlawful acts described in this complaint. That, upon information and belief, the defendants came to a mutual understanding to try to accomplish the common and unlawful acts described in this complaint.

47. That as a direct and proximate result of the acts done in furtherance of this conspiracy, as hereinbefore alleged, Phrakousonh has sustained injuries and damages as previously described and will be proven at the time of trial.

48. That the defendant, City of Milwaukee, is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the individual police officer employee defendants in this action because said defendants were acting within the scope of their employment when they committed the above-mentioned acts.

## FIFTH CLAIM FOR RELIEF: FALSE IMPRISONMENT

49. That, upon information and belief, the individual defendants acted together to accomplish the unlawful restraint of the physical liberty of Phrakousonh. That, upon information and belief, the individual defendants' intentional restraint of Phrakousonh was without legal excuse or just cause, without authority, and constituted a restraint that the above-named individual defendants had no right to create.

50. That as a direct and proximate result of the unlawful restraint of the physical liberty of Phrakousonh as hereinbefore alleged, he has sustained injuries and damages as previously described and will be proven at the time of trial.

51. That the defendant, City of Milwaukee, is liable pursuant to Wis. Stat. §895.46 for payment of any judgment entered against the individual police officer employee defendants in this action because said defendants were acting within the scope of their employment when they committed the above-mentioned acts.

10

## CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF, DOLORES ESTRADA
### (Loss of Society & Companionship)

52. That the plaintiff, Dolores Estrada, is the mother of the plaintiff, Phrakousonh, and is entitled to her son's aid, comfort, society and companionship.

53. As a direct and proximate result of the tortuous acts of the individual defendants, as hereinbefore alleged, Estrada has and will continue to be deprived of her son's aid, comfort, society and companionship, to which she is entitled, all to her damage, in an amount to be proven at time of trial.

## DAMAGES

WHEREFORE, the plaintiffs demand judgment against the defendants as follows:

a. In favor of the plaintiff, Phrakousonh, and against the defendants, Police Officers Bandt, Dodds, Bell, Bohlen, Miscichoski and Brown; and against the defendant, City of Milwaukee, jointly and severally, for compensatory damages in an amount which will fairly and reasonably compensate him for his past and future medical expenses; for his past and future lost wages; for his past and future pain, suffering, disability and emotional distress; for the loss of his personal property; and for the violation of the rights of the plaintiff, Phrakousonh, as set forth above, in an amount to be determined at a trial of this matter;

b. In favor of the plaintiff, Phrakousonh, and against the defendants, Police Officers Bandt, Dodds, Bell, Bohlen, Miscichoski and Brown, jointly and severally, for punitive damages for the injuries, damages and violation of the rights of the plaintiff, Phrakousonh, as set forth above, in an amount to be determined at a trial of this matter;

c. In favor of the plaintiff, Phrakousonh, and against the defendant, City of Milwaukee, for its liability pursuant to Wis. Stat. § 895.46, in an amount to be determined at a trial of this matter;

d. In favor of the plaintiff, Estrada, and against the defendants, Police Officers Bandt, Dodds, Bell, Bohlen, Miscichoski and Brown; and against the defendant, City of Milwaukee, jointly and severally, for compensatory damages in an amount which will fairly and reasonably compensate her for her son's past and future medical expenses as well as for her past and future loss of her son's aid, comfort, society and companionship; and

e. For all costs, disbursements, attorney's fees and for such other relief as the court deems just and equitable.

THAT THE PLAINTIFFS HEREIN DEMAND A JURY TRIAL.

Dated at Milwaukee, Wisconsin this 3rd day of May, 2010.

McGRANAGHAN & STAWSKI LTD.
By:

_____
Christopher J. Stawski,
Attorney for Plaintiffs
State Bar No. 1016435

P.O. Address:

**McGRANAGHAN & STAWSKI LTD.**
111 East Wisconsin Avenue
Suite 1750
Milwaukee, WI 53202
(414) 291-8823

12